VIRGIN ISLANDS HOUSING FINANCE
AUTHORITY,

                      **Plaintiff,**

    **v.**

MIGNA RIVERA and RUDOLF R. KOCK,
and U.S. Department of Agriculture, Rural
Housing Service, Jointly and Severally.

                      **Defendants.**

1:09-cv-78

TO:    Flavia E. Logie, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion For Substituted Service (Docket No. 5) on Defendants Migna Rivera and Rudolf R. Kock.

Federal Rules of Civil Procedure Rule 4(e)(1) allows service of process upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id*. In the Virgin Islands, V.I. Code Ann. tit. 5 § 112(a) provides for substituted service by publication "[w]hen service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot

be found within the Virgin Islands, and when that fact appears by affidavit to the

satisfaction of the district court . . . ." *Id.* Such substituted service is allowed only in the

following cases:

> (1) When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein;

> (2) When the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks;

> (3) When the defendant is not a resident of the Virgin Islands, but has property therein, and the court has jurisdiction of the subject of the action;

> (4) When an action is to have a marriage declared void, or for a divorce in the cases prescribed by law;

> (5) When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein; or

> (6) When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the Virgin Islands, or satisfy or redeem from the same.

V.I. Code Ann. tit. 5, § 112(a)(1)-(6)(2008).

In support of its motion, Plaintiff has attached the affidavit of Cherry Sherwood,

who claims to have "checked" the property at issue and determined that it was an

"abandoned plot."  Affidavits of Cherry Sherwood (filed as Attachment #1 Exhibit 1 with

the said motion).  However, Ms. Sherwood claims to have conducted such "check" on

March 19, 2009, a full seven (7) months prior to receiving the summons for service.  *Id*.  Ms.

Sherwood also claims to have "checked" the Innovative Telephone Directory for listings

for said Defendants which was "unsuccessful."  *Id*.

> Within the Third Circuit,
>
> [d]istrict courts . . . have repeatedly held that a plaintiff moving for
> alternative service, such as service by publication, must establish three
> elements: (1) a good faith effort to locate the defendant; (2) practical efforts
> to serve the defendant under the circumstances; and (3) a method of
> alternative service that is reasonably calculated to provide the defendant
> with notice.

*Barbosa v. Dana Capital Group, Inc.*, Civil Action No. 07-cv-1724, 2009 WL 902339 at *4 (E.D.

Pa. March 31, 2009) (slip copy) (footnote omitted) (citations omitted).

With regard to the first element, the Court is guided by the Pennsylvania Rule of

Civil Procedure 430(a) that identifies good faith efforts as including: "(1) inquiries of postal

authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part

265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3)

examinations of local telephone directories, voter registration records, local tax records,

and motor vehicle records."  Pa.R.Civ.P. 430(a), note.  Plaintiff is silent as to its good faith

efforts to locate and serve Defendants Rivera and Kick other than the information contained in the affidavits of Ms. Sherwood. The Court finds Plaintiff's good faith efforts to be severely lacking.

Similarly, with regard to the second element, the Court finds that Plaintiff's failure even to attempt to serve Defendants after the issuance of the summons is insufficient to establish practical efforts that would warrant substituted service. *Accord Barbosa*, 2009 WL 902339 at *7 (where the court found the plaintiff's two attempts to serve the defendant insufficient).

The Court also finds that Plaintiff's motion is deficient with regard to the third element. Plaintiff requests to be allowed to serve said Defendants by "publication in a newspaper of general circulation in the Territory." Motion at 1. Nothing in Plaintiff's motion demonstrates that the proposed service by publication is most likely or even reasonably calculated to provide notice to Defendants Rivera and Kock. As stated by the *Barbosa* court,

> [f]or service by publication to be reasonably calculated to provide notice, publication must be made both in the county of the incident and the county of the defendant's last known address. *See Levin v.. Richter*, 1991 U.S. Dist. LEXIS 1287, *3-4 (E.D. Pa. February 4, 1991) (Kelly, J.); *Kittanning Coal Co.*, 551 F. Supp. at 838-839; *see also Romeo v. Looks*, 369 Pa. Super. 608, 618-619, 535 A.2d 1101, 1106-1107 (1987); *Clayman*, 173 F.R.D. at 140.

In addition, the plaintiff must have specific information about where the defendant lives or works for service by publication to be reasonably calculated to provide the defendant with notice. *See Long*, 2003 U.S. Dist. LEXIS 9262 at *5; *Clayman*, 173 F.R.D. at 140-142; *see also Banks*, 2008 U.S. Dist. LEXIS 49954 at *6. Merely publishing in a widely circulated publication will not suffice. *See Clayman*, 173 F.R.D. at 141.

*Barbosa*, 2009 WL 902339 at *7.

Based upon the foregoing, the Court finds that Plaintiff has not met its burden of

showing that it is entitled to serve Defendants Rivera and Kock by publication.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Substituted

Service (Docket No. 5) is **DENIED WITHOUT PREJUDICE**.

ENTER:


Dated: March 1, 2010                    /s/ George W. Cannon, Jr.
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE